UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| RONALD G. BRUMMET III,<br>    *Plaintiff*,<br><br>v.<br><br>SNYDER & ASSOCIATES, LLC.,<br>    *Defendant*. | )<br>)<br>)<br>)<br>) **Cause No. 3:17-cv-00106**<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), 28 U.S.C. §1331, and 28 U.S.C. §1337(a).

3. Venue is proper in this district under 28 U.S.C. §1391(b)(c) in that the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Ronald Brummet III (hereinafter "Brummet") is a natural person residing in Collinsville, Illinois and is a "consumer" as that term is defined by 15 U.S.C. §1692a (3).

5. Defendant Snyder & Associates ("Snyder") is a Limited Liability Company organized and existing under the laws of the State of Illinois and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

6. Snyder regularly attempts to collect debts alleged to be due another.

7. The acts of Snyder alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

8. Brummet incurred a debt with Oxford Bank & Trust (hereinafter "the subject debt").

9. That the subject debt arose out of a transaction in which money, services, or property, which was the subject of the transaction, was primarily for personal, family, and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

10. Brummet allegedly defaulted on the subject debt.

11. Upon information and belief, Snyder acquired the subject debt after Plaintiff's alleged default on the subject debt.

12. On February 25, 2015, Brummet filed a Chapter 7 Bankruptcy in the Southern District of Illinois which included the alleged subject debt. A copy of the relevant portion of Brummet's bankruptcy petition reflecting the alleged subject debt is attached hereto as "Exhibit A".

13. On May 1, 2015, Oxford Bank & Trust filed a Proof of Claim. A copy of said Proof of Claim is attached hereto as "Exhibit B."

14. On June 16, 2015, Brummet received on Order of Discharge in his Chapter 7 bankruptcy proceeding. A copy of said Order of Discharge is attached hereto as "Exhibit C."

15. That an unknown time, Snyder acquired the obligation from Oxford Bank & Trust.

16.That on February 4, 2016, Snyder attempted to collect on the nonexistent and discharged debt via a letter to Brummet. A copy of said collection letter is attached hereto as "[Exhibit D](Exhibit D)."

17.In the letter, Snyder also seeks to collect upon an amount in excess of what was actually owed by Brummet following payment to the obligation via his bankruptcy estate. A copy of the Order on Trustee's Final Report, Abandonment of Property, Application for Compensation & Objections to Claim is attached hereto as "[Exhibit E](Exhibit E)."

18.That as a result of Snyder's acts Brummet has experienced out of pocket expenses and emotional distress due to fear that his bankruptcy had not absolved him of his pre-bankruptcy debt obligation including the alleged subject debt herein.

## CAUSE OF ACTION

19.Brummet repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20.The conduct of Snyder as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

21.Snyder violated 15 U.S.C §1692e, 15 U.S.C. §1692e (2), 15 U.S.C. §1692f, and 15 U.S.C §1692f (1) by stating that Plaintiff owed $4,580.90 for the alleged subject debt, despite the debt being discharged AND despite payments made from Brummet's bankruptcy estate previous to discharge on the alleged subject date.

22.Snyder violated the "discharge injunction" as set forth at 11 U.S.C. § 524 o by attempting to collect on the alleged subject debt despite it being included in and discharge by Brummet's bankruptcy proceedings.

23.     Defendant violated 15 U.S.C. §1692e5 and 15 U.S.C. §1692e (10), by stating in February 2014, that the Plaintiff was in danger of losing her home.

24.     Defendant violated 15 U.S.C. §1692e (11) by failing to communicate the mini-Miranda warning during conversation with the Plaintiff.

25.     Defendant violated 15 U.S.C. §1692g by failing to send the consumer a 30-day validation notice within five days of the initial communications.

## JURY DEMAND

26.     Please take notice that Plaintiff demands trial by jury in this action.

WHEREFORE, Plaintiff Ronald Brummet III prays that judgment be entered against Defendant Snyder & Associates, LLC for:

a.) Plaintiff's actual damages;

b.) Statutory damages against Snyder pursuant to 15 U.S.C. § 1692k; and

c.) Reasonable attorney's fees and costs against Snyder pursuant to 15 U.S.C. § 1692k.

Respectfully submitted,

*/s/ Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**BARKER HANCOCK & COHRON**
198 South Ninth Street
Noblesville, Indiana 46060
Ph. (317) 203-3000
tcohron@bhclegal.com